```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION
```

IN RE:  ROBERT L. SULLIVAN,            {   CHAPTER 13
                                       {
        DEBTOR(S)                      {   CASE NO. A22-50602-PWB
                                       {
                                       {   JUDGE BONAPFEL

## OBJECTION TO CONFIRMATION

COMES NOW K. Edward Safir, Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (62 months).

2. The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor(s) provide the Trustee with a sworn statement by the Debtor(s), in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

3. The Chapter 13 Plan fails to provide the collateral for the claim of Elan Management, LLC, preventing the Trustee from properly administering this plan.

4. The Trustee requests proof of all post-petition mortgage payments prior to the confirmation date in order to determine feasibility pursuant to 11 U.S.C. Section 1325(a)(6).

5. Pursuant to testimony at the meeting of creditors, Debtor(s) has/have a secured debt owed to the Debtor's homeowners' association. This debt is not provided for in the plan.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

    6. Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6); specifically, the Debtor's VA benefits have changed.

    7. The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017; specifically, other provisions reflect a Chapter 7 filing.

    8. The Chapter 13 petition fails to include a debt owed to Wollemi Acquisitions, LLC by Ais Portfolio Services, LC as agent, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. Section 1325(a)(3).

    9. The proposed plan fails to provide for the treatment of Wollemi Acquisitions, LLC by Ais Portfolio Services, LC as agent. However, said creditor has filed a secured claim.

    10. Schedule H fails to provide complete Co-Debtor information for the debt owed to Wollemi Acquisitions, LLC by Ais Portfolio Services, LC as agent.

    11. Pursuant to information received from the Internal Revenue Service, 2020-2021 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

    12. The proposed plan fails to provide for the treatment of Ally Financial. However, said creditor has filed a secured claim.

    13. Pursuant to testimony from the meeting of creditors, it appears that Debtor(s) has a pending/or anticipated lawsuit. The Chapter 13 Petition and schedules fail to fully disclose this lawsuit/or claim, in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h). Further, Schedule B does not fully disclose this matter, thereby preventing the Chapter 13 Trustee from evaluating whether any existing or anticipated proceeds exceed exemption limitations as set forth in O.C.G.A. Section 44-13-100.

K. Edward Safir, Chapter 13 Trustee  
285 Peachtree Center Ave, Suite 1600  
Atlanta, GA 30303  
404-525-1110  
brandik@atlch13tt.com

14. The Debtor(s)' plan fails to provide that all net, unexempt proceeds from the Debtor(s) pending/anticipated lawsuit shall be paid to the Trustee for distribution to the general unsecured claims timely filed and allowed as required by 11 U.S.C. Section 1325(b)(1)(B).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny confirmation of this Debtor's(s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

March 22, 2022

                                  /s
                             Brandi L. Kirkland, Esq.
                             for Chapter 13 Trustee
                             GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

A22-50602-PWB

## CERTIFICATE OF SERVICE

      This is to certify that on this day I caused a copy of the foregoing pleading to be served via United States First Class Mail, with adequate postage thereon, on the following parties at the address shown for each:

DEBTOR(S):

ROBERT L. SULLIVAN
337 MOSSY CUP DRIVE
FAIRBURN, GA 30213

I further certify that I have on this day electronically filed the pleading using the Bankruptcy Court's Electronic Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

SAEDI LAW GROUP


This 22nd day of March, 2022


          /s/_____
Brandi L. Kirkland, Esq.
for Chapter 13 Trustee
GA Bar No. 423627




K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com